# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2022

Lyle W. Cayce
Clerk

No. 21-60373
Summary Calendar

DARWIN ALEXIS ELVIR-ROBLEDO,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 919 025

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Darwin Alexis Elvir-Robledo, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal. He challenges the IJ's conclusion that his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

asylum application was untimely, as well as the BIA's conclusions that he had shown neither a nexus between his asserted particular social group (PSG) and the harm feared nor an objectively reasonable fear of future persecution.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings, including the denial of asylum and withholding, are reviewed under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Because the BIA issued no opinion concerning the timeliness of his asylum application, this issue is not before this court, and we decline to consider his argument concerning it. *See Singh*, 880 F.3d at 224.

To be eligible for asylum, an applicant must prove that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of" a protected ground, including membership in a PSG. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (internal citation and quotation marks omitted); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). One who seeks asylum and withholding based on a fear of future persecution must show that his subjective fear is objectively reasonable. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Elvir-Robledo has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he had not shown an objectively reasonable fear of future persecution because relocation within Honduras was reasonable. 8 C.F.R. § 208.13(b)(2)(ii); *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020). Because this issue is dispositive of his asylum and withholding claims, we need not consider his nexus argument. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). The petition for review is DENIED.